United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILLIE EUGENE WEAVER,                )        No. C 08-01477 JW (PR)
                                     )
          Plaintiff,                 )        ORDER DENYING *IN FORMA*
                                     )        *PAUPERIS* APPLICATION;
     vs.                             )        DIRECTING PLAINTIFF TO PAY
                                     )        FULL FILING FEE
RICH CREEK,                          )
                                     )
          Defendant.                 )
                                     )        (Docket No. 3)
_____     )

Plaintiff, a California state prisoner and frequent litigant in this Court, has

filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.[1]  He seeks to

proceed in forma pauperis under 28 U.S.C. § 1915.

**DISCUSSION**

A.   28 U.S.C. § 1915(g)

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and

became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil

_____

[1] Plaintiff has filed over one hundred complaints in pro se in this Court since 2004 to the date of this order, each time filing an application to proceed in forma pauperis.

Order Denying IFP; Directing P to Pay
P:\PRO-SE\SJ.JW\CR.08\Weaver01477_deny-ifp (1915g).wpd

**United States District Court**

For the Northern District of California

1    action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more

2    prior occasions, while incarcerated or detained in any facility, brought an action or

3    appeal in a court of the United States that was dismissed on the grounds that it is

4    frivolous, malicious, or fails to state a claim upon which relief may be granted,

5    unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C.

6    § 1915(g).  Section 1915(g) requires that this Court consider prisoner actions

7    dismissed before, as well as after, the statute's 1996 enactment.  Tierney v. Kupers,

8    128 F.3d 1310, 1311-12 (9th Cir. 1997).  And as the text of § 1915(g) makes clear,

9    the court may count as strikes dismissals of district court cases as well as dismissals

10   of appeals.  See Rodriguez v. Cook, 169 F.3d 1176, 1178 (9th Cir. 1999) (prisoner

11   does not get three frivolous claims and three frivolous appeals before being barred

12   by § 1915(g)).

13        The Ninth Circuit in Andrews v. King, 398 F.3d 1113, 1120 (9th Cir. 2005)

14   ("Andrews I"), implicitly allowed the district court to raise the § 1915(g) problem

15   sua sponte, but required the district court to notify the plaintiff of the earlier

16   dismissals it considers to support a § 1915(g) dismissal and allow the plaintiff an

17   opportunity to be heard on the matter before dismissing the action.  See id. at 1120.

18   Plaintiff must show why a prior dismissal should not count as a strike.  Id.  The

19   prisoner must be given notice of the potential disqualification under § 1915(g) and

20   plaintiff bears the ultimate burden of persuasion that § 1915(g) does not bar pauper

21   status for him.  Id.

22        1.    Prior "Strikes"

23        Plaintiff has had three or more prisoner actions/appeals dismissed by a

24   federal court on the grounds that they are frivolous, malicious, or fail to state a claim

25   upon which relief may be granted: (1) Weaver v. Pelican Bay State Prison, No. C

26   04-3077 JW (PR) (N.D. Cal. May 18, 2005) (civil rights action dismissed for failure

27   to state a claim upon which relief may be granted); (2) Weaver v. Nimrod, No. C 04-

28   3154 JW (PR) (N.D. Cal. Dec. 14, 2004) (same); (3) Weaver v. Pelican Bay State

1  Prison Mail Room, No. C 04-4784 JW (PR) (N.D. Cal. Jan. 5, 2005) (same); (4)

2  Weaver v. Daniel, No. C 05-1373 JW (PR) (N.D. Cal. May 9, 2005) (same); and (5)

3  Weaver v. Monterio, et al., No. 05-0166 RSWL (FMO) (C.D. Cal. Nov. 21, 2005)

4  (same).

5      In accordance with Andrews I, plaintiff was notified by this Court on at least

6  eighteen separate cases of the same cases cited above that supported a § 1915(g)

7  dismissal, and in each case plaintiff was afforded an opportunity to show why the

8  prior dismissals should not count as strikes.  See e.g., Weaver v. Whiteford, No. C

9  04-03894 JW (PR) (N.D. Cal. Sept. 1, 2006), Weaver v. Pelican Bay State Prison,

10  No. C 05-00632 JW (PR) (N.D. Cal. July 27, 2007), Weaver v. Pelican Bay State

11  Prison, No. C 05-02441 JW (PR) (N.D. Cal. Dec. 27, 2005), Weaver v. Pelican Bay

12  State Prison Mail Room, No. C 06-02500 JW (PR) (N.D. Cal. Sept. 8, 2006), and

13  Weaver v. Diaz, No. C 07-00162 JW (PR) (N.D. Cal. July 27, 2007).  In each case,

14  plaintiff failed to attack the validity of the strikes under 1915(g), and those eighteen

15  complaints were ultimately dismissed under § 1915(g).

16      Plaintiff has been already been given numerous opportunities to attack the

17  validity of the prior strikes, and he will not in this action be given yet another

18  opportunity to respond in an attempt to delay dismissal pursuant to § 1915(g).[2]  The

19  Court deems the validity of the prior strikes undisputed.  Therefore, plaintiff must

20  show on the face of his complaint that he is in imminent danger of serious physical

21  injury in order to proceed under § 1915(g).

22      2.    Imminent Danger of Serious Physical Injury

23      Because plaintiff has had three or more prisoner actions/appeals

24  dismissed by a federal court on the grounds that they are frivolous, malicious, or fail

26      [2] The Court finds notable one federal court of appeals which has held that "[a]n effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit."  Sloan v. Lesla, 181 F.3d 857, 859 (7th Cir. 1999).

Order Denying IFP; Directing P to Pay
P:\PRO-SE\SJ.JW\CR.08\Weaver01477_deny-ifp (1915g).wpd    3

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    to state a claim upon which relief may be granted, plaintiff may proceed in forma

2    pauperis in this action only if he is seeking relief from a danger of serious physical

3    injury that is "imminent" at the time of filing.  See Abdul-Akbar v. McKelvie, 239

4    F.3d 307, 312 (3d Cir. 2001) (en banc);  Medberry v. Butler, 185 F.3d 1189, 1192-

5    93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v.

6    O'Guin, 144 F.3d 883, 885 (5th Cir. 1998).  The plain language of the imminent

7    danger clause in § 1915(g) indicates that "imminent danger" is to be assessed at the

8    time of filing of the complaint.  See Andrews v. Cervantes, 493 F.3d 1047, 1053

9    (9th Cir. 2007) ("Andrews II").   The conditions that existed at some earlier or later

10   time are not relevant.  See id.; see id. at 1053 n.5 (post-filing transfer of prisoner out

11   of the prison at which danger allegedly existed may have made moot his request for

12   injunctive relief against the alleged danger, but it does not affect the § 1915(g)

13   analysis).

14          Once the prisoner "satisfies the exception to the three-strikes rule and

15   otherwise qualifies for IFP status, the district court must docket the entire complaint

16   and resolve all of its claims, without requiring the upfront payment of the filing fee."

17   Id. at 1054.  If any claim alleges an imminent danger at the time of filing, the whole

18   complaint can go forward; the court should not do a claim-by-claim analysis,

19   dismissing those claims as to which there is no imminent danger alleged.  See id. at

20   1055.  A district court's determination that plaintiff has alleged satisfactorily that he

21   is in imminent danger of serious physical injury does not preclude defendants from

22   later challenging plaintiff's imminent danger allegations in a motion for summary

23   judgment, however.  Gibbs v. Cross, 160 F.3d 962, 967 n.8 (3d Cir. 1998)

24   (acknowledging that imminent danger allegations may be challenged after initial

25   grant of leave to proceed in forma pauperis).

26          The court "should not make an overly detailed inquiry into whether the

27   allegations qualify for the exception."  Andrews II, 493 F.3d at 1055.  It is sufficient

28   if the complaint "makes a plausible allegation that the prisoner faced 'imminent

Order Denying IFP; Directing P to Pay
P:\PRO-SE\SJ.JW\CR.08\Weaver01477_deny-ifp (1915g).wpd    4

United States District Court

For the Northern District of California

1    danger of serious physical injury' at the time of filing." Id.; see, e.g., id. at 1055

2    (allegation that plaintiff is at risk of contracting HIV or hepatitis C was sufficient to

3    bring his complaint within the imminent danger exception); id. at 1057 ("prisoner

4    who alleges that prison officials continue with a practice that has injured him or

5    others similarly situated in the past will satisfy the 'ongoing danger' standard and

6    meet the imminence prong of the three-strikes exception" even if prisoner had

7    already contracted a contagious disease and complained of being housed near

8    prisoners with contagious diseases); cf. Ashley, 147 F.3d at 717 (plaintiff

9    sufficiently alleged ongoing danger where he had repeatedly been housed near

10    enemies, despite his protests, and where he filed his complaint very shortly after

11    being attacked by an enemy); Abdul-Akbar, 239 F.3d at 315 n.1 (while declining to

12    reach question of whether "imminent danger" encompasses an ongoing danger of

13    serious physical injury, noting that the plaintiff's allegations of past acts of physical

14    harassment were not sufficiently specific or related to support an inference of an

15    ongoing danger); Medberry, 185 F.3d at 1193 (no ongoing danger where plaintiff

16    had been placed in administrative segregation following physical assaults by fellow

17    inmates and before he filed his complaint).

18        Plaintiff states his claims in a single paragraph as follows: "Doing trash

19    pickup on the upper tier Correctional Officer Rich Creek called, hollowed [sic] out

20    to plaintiff [and] called plaintiff a fucken [sic] jackass for no reason on 03/02/08.

21    See California Code of Regulation Title 15.3391(D)[;] see California Code of

22    Regulation Title 15.3413.(A)(2) [sic].  This is harassment. [See] Penal Code Section

23    646.9.  Defendant showed deliberate indifference under the Eight[h] Amendment

24    that constitu[t]e[s] cruel [and] unusual punishment."  (Compl. at 3.)  Nowhere in the

25    complaint does plaintiff make any allegation that he is in imminent danger of serious

26    physical injury.  Accordingly, plaintiff is not entitled to the imminent danger

27    exception of § 1915(g) to avoid dismissal of the instant complaint without the full

28    payment of the filing fee.

1

**CONCLUSION**

2          Because plaintiff has had three or more prior dismissals and is not under

3    imminent danger of serious physical injury, his request to proceed <u>in</u> <u>forma</u> <u>pauperis</u>

4    (Docket No. 3) is DENIED pursuant to § 1915(g).

5          **PLAINTIFF MUST PAY THE FULL FILING FEE WITHIN THIRTY**

6    **(30) DAYS FROM THE DATE THIS ORDER IS FILED.  FAILURE TO PAY**

7    **THE FULL FILING FEE IN THE TIME PROVIDED WILL RESULT IN**

8    **THE DISMISSAL OF THIS ACTION WITHOUT PREJUDICE WITHOUT**

9    **FURTHER NOTICE TO PLAINTIFF.**

10          This order terminates Docket No. 3.

11

12    DATED:        June 4, 2008

13                                                  JAMES WARE
                                                    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order Denying IFP; Directing P to Pay
P:\PRO-SE\SJ.JW\CR.08\Weaver01477_deny-ifp (1915g).wpd    6

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


WILLIE WEAVER,

              Plaintiff,

   v.

RICH CREEK,

              Defendant.

                                             /

Case Number: CV08-01477 JW

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on     6/17/2008     , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Willie Eugene Weaver J-91389
Pelican Bay State Prison
P. O. Box 7000
Crescent City, Ca 95531-7000


Dated:     6/17/2008

                              Richard W. Wieking, Clerk
                  /s/ By: Elizabeth Garcia, Deputy Clerk